UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILTON MAURIEL AGUILAR CASTILLO,

          Petitioner,

    v.

                                      1:26-CV-01000-MAV

                                      **ORDER**

JAMES BAUSCH, *et al.*,
          Respondents.

On May 14, 2026, Petitioner Wilton Mauriel Aguilar Castillo ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, filed an "Emergency Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241. ECF No. 1. After considering Respondents' return on the Court's Order to Show Cause, as well as Petitioner's reply, the Court issued an order on June 10, 2026, finding that the statutory basis for Petitioner's detention is 8 U.S.C. § 1226(a), and directing that Petitioner be provided with an initial bond hearing "as established by existing federal regulations." ECF No. 7 (the "June 10 order").

Consistent with the Court's order, a bond hearing was held before Immigration Judge Carrie Johnson-Papillo ("the IJ") on June 15, 2026. ECF No. 10 at 2–3. The IJ denied Petitioner's release on the grounds that he had not met his burden of demonstrating he was not a flight risk. *Id.* at 2. Thereafter, Petitioner filed a motion in this Court contending that the bond hearing did not comply with the June 10 order. ECF No. 8. Respondents filed a transcript of the bond hearing, as well as papers in

1

opposition. ECF Nos. 11–12. For the reasons set forth in this Order, the Court finds that Petitioner has failed to demonstrate that the bond hearing did not comply with the June 10 order.

## DISCUSSION

Petitioner contends that despite the proceeding that occurred before the IJ on June 15, Respondents have failed to conduct a "bond hearing" as required by the June 10 order because the June 15 hearing did not comport with due process. ECF No. 8 at 3. In response, Respondents argue that Petitioner's motion should be denied because he failed to exhaust administrative remedies, 8 U.S.C. § 1226(e) insulates the IJ's decision from federal judicial review, and the IJ held a bond hearing consistent with existing federal regulations. ECF No. 12 at 1.

### I. Respondents' Arguments Regarding Exhaustion and Jurisdiction

With respect to Respondents' argument that the pending motion must be denied because Petitioner did not exhaust his administrative remedies, the Court disagrees. ECF No. 12. "Administrative exhaustion is not required when this Court is deciding only whether the petitioner received the relief that the Court already ordered." *Tucker v. Searls*, No. 22-CV-608-LJV, 2023 WL 3267085, at *2 (W.D.N.Y. May 5, 2023).

Similarly, the Court rejects Respondents' argument that 8 U.S.C. § 1226(e) deprives the Court of jurisdiction to resolve the pending motion. Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any

action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Here, however, the Court is neither reviewing the IJ's "discretionary judgment" under § 1226 nor "set[ting] aside any action or decision by the Attorney General." Rather, "the Court is determining whether all of the conditions contained in the bond order were followed . . . ." *Mathon v. Searls*, 623 F. Supp. 3d 203, 213 (W.D.N.Y. 2022). "[A] federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, and . . . . has the authority to see that its judgment is fully effectuated." *Davis v. Garland*, 708 F. Supp. 3d 283, 291 (W.D.N.Y. 2023) (citing *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235 (W.D.N.Y. 2019)).

## II. The Merits of Petitioner's Motion

Turning, then, to the merits of Petitioner's pending motion, the Court notes that Petitioner maintains the IJ in this case did not conduct a bond hearing that complied with existing regulations, did not properly consider the necessary factors as required in bond hearings, and did not give due consideration to alternatives to detention. ECF No. 8 at 3. The Court disagrees.

### A. Legal Principles

At the outset, the Court notes that "[i]t would be inappropriate to consider any new constitutional claims" that Petitioner may be attempting to raise in his motion to enforce, even if they are based on his bond hearing. *Enoh v. Sessions*, No. 16-CV-85(LJV), 2017 WL 2080278, at *3 (W.D.N.Y. May 15, 2017). "[N]ew claims based on the new [hearing] need to be raised in a new petition." *Id.* Indeed, the Court's task on

3

a motion to enforce is narrow: it is neither to consider new constitutional claims nor to review the hearing evidence de novo, but to determine whether Respondents complied with the Court's order. *See, e.g., Blandon v. Barr*, 434 F. Supp. 3d 30, 38 (W.D.N.Y. 2020) (collecting cases to emphasize the narrow scope of the court's focus).

In that regard, other courts in this District have identified two ways to challenge whether the adjudicator applied the correct standard of proof: (1) that the evidence itself could not, as a matter of law, have supported the adjudicator's conclusion, and (2) that the adjudicator did not apply the correct standard to the facts. *Tucker*, 2023 WL 3267085 at *5 (quoting *Hechavarria*, 358 F. Supp. 3d at 240).

### B. The IJ's Decision(s) in the Present Case

Bearing the foregoing principles in mind, the Court has carefully considered the parties' papers and the transcript of the June 15, 2026 proceeding. After a thorough review, the Court finds that Petitioner has failed to demonstrate that the IJ did not comply with the June 10 order. The IJ both applied the proper standard and considered the appropriate factors in reaching her decision at the hearing that Petitioner had not met his burden to demonstrate he was not a flight risk.

"Under the regime fashioned by the INS and BIA, a noncitizen detained under § 1226(a) is subject to detention unless that person is able to show 'to the satisfaction of the Immigration Judge that he or she merits release on bond.'" *Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); citing also *Matter of Fatahi*, 26 I. & N. Dec. 791, 795 n.3 (B.I.A. 2016)). The Immigration Judge has broad discretion to consider a number of factors

to determine whether the detainee merits release. *Matter of Guerra*, 24 I. & N. Dec. at 40. These factors include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Id.* In addition, the IJ may consider the alien's potential eligibility for relief from removal as a reflection on the risk of flight. *See, e.g., Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 215 (BIA 2025) (finding the possibility of relief to be "speculative," citing *Matter of Andrade*, 19 I. & N. Dec. 488, 491 (BIA 1987)).

In the present case, the IJ found that Petitioner failed to meet his burden to show that he was not a flight risk based on his "very speculative and highly unlikely" eligibility for relief, his "limited length of residency here," and his "limited family ties." ECF No. 11 at 7. Further, although Petitioner cites no existing federal regulations that would have required the IJ to consider alternatives to detention at an initial bond hearing, and contrary to Petitioner's contention that the IJ did not consider alternatives to detention, the IJ expressly stated that she "[did] not find alternatives to detention would be appropriate." *Id.*

5

In short, in compliance with this Court's June 10, 2026 order to provide Petitioner with a bond hearing under "existing regulations," the IJ here applied the proper standard, and considered permissible factors. Petitioner's motion to enforce [ECF No. 10] is therefore DENIED.

SO ORDERED.

Dated:      July _27_, 2026
            Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge

6